T.C. Memo. 2002-46


UNITED STATES TAX COURT


KAREN BOYD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7734-00.                    Filed February 19, 2002.


Steven T. Flowers, for petitioner.

Igor Drabkin, for respondent.


MEMORANDUM OPINION

GOLDBERG, Special Trial Judge:  Respondent determined a
deficiency in petitioner's Federal income tax for the taxable
year 1997 in the amount of $3,937 and an accuracy-related penalty
in the amount of $787.40.  Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the
year in issue, and all Rule references are to the Tax Court Rules
of Practice and Procedure.

After concessions by petitioner,[1] the remaining issues for decision are: (1) Whether petitioner is entitled to deduct certain Schedule C, Profit or Loss From Business, expenses; and (2) whether petitioner is liable for an accuracy-related penalty under section 6662. Adjustments to the self-employment income tax and the deduction therefor are computational and will be resolved by the Court's holding in this case.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in Beverly Hills, California.

Petitioner is the sole proprietor of Boyd PC Consulting, which is in the business of legal software consulting. She started this business during the year in issue. Through Boyd PC Consulting, petitioner created specialized macros in computer programs, such as WordPerfect, for law firms. For example, petitioner would install special macro functions to create pleading form documents tailored to the client's needs. During 1997, petitioner was also a full-time legal secretary at the law firm Paul, Hastings & Janofsky in its Santa Monica office, and then worked in its downtown Los Angeles office.

During the year in issue, petitioner owned a 1993 Toyota

---

[1] At trial, petitioner conceded the disallowance of travel and meals/entertainment expenses of $2,620 claimed on her Schedule C, Profit or Loss From Business.

Corolla that she used for all her transportation needs, including business travel, commuting to work, and personal use. Petitioner did not maintain a mileage log or diary of miles driven in 1997.

Petitioner timely filed her 1997 Federal income tax return. Petitioner reported on Schedule C, attached to her 1997 return, gross income from Boyd PC Consulting of $7,520. Petitioner claimed the following Schedule C expenses:

| Expense | Claimed |
|---|---|
| Advertising | $1,490 |
| Car and truck | 2,347 |
| Depreciation | 205 |
| Repairs/maintenance | 1,200 |
| Travel, meals & enter-<br>tainment | 2,620 |
| Other | 4,000 |
| Total | $11,862 |

On the Vehicle Expense Worksheet, attached to her 1997 return, petitioner reported 12,500 total miles driven in 1997. Of that amount, 7,450 miles were reported to be used for business purposes. Petitioner claimed a car and truck expense of $2,347 based on the purported 7,450 business miles multiplied by the standard mileage rate of $0.315 per mile.

In the notice of deficiency respondent disallowed the above Schedule C expense deductions in their entirety because petitioner failed to show that each claimed deduction was an ordinary and necessary business expense, or, in the alternative, because petitioner failed to substantiate that she paid or incurred the expense for which the deduction was claimed.

Section 7491(a) places the burden of proof on respondent with regard to certain factual issues. Section 7491 applies to examinations commencing after July 22, 1998. Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3001, 112 Stat. 726. Upon reviewing the record, it is unclear when the examination of petitioner's 1997 return commenced. Further, neither party raised the issue of whether section 7491(a) applies here. However, under section 7491(a)(2)(B), the burden of proof does not shift to respondent where the taxpayer has not cooperated with reasonable requests by the Secretary for information or documents. Respondent sent letters to petitioner's counsel on January 16, February 6, and February 8, 2001, asking petitioner to present documents which would substantiate the disallowed deductions. Respondent also made phone calls on January 26 and 30, 2001, to petitioner's counsel. One phone call, the only communication between the parties prior to trial, was returned. At trial, petitioner offered into evidence documents to substantiate some of her claimed Schedule C deductions which had not been presented to respondent prior to trial. Because we find that petitioner failed to cooperate with respondent prior to trial, section 7491(a) does not apply in this case.

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving the entitlement to any

deduction claimed.  INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).  A taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions.  Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs.

Section 162(a) allows a taxpayer to deduct all ordinary and necessary business expenses paid or incurred during the taxable year in carrying on any trade or business.  To be "necessary" an expense must be "appropriate and helpful" to the taxpayer's business.  Welch v. Helvering, 290 U.S. 111, 113 (1933).  To be "ordinary" the transaction which gives rise to the expense must be of a common or frequent occurrence in the type of business involved.  Deputy v. Du Pont, 308 U.S. 488, 495 (1940).  No deduction is allowed for personal, living, or family expenses. Sec. 262(a).

Generally, if a claimed business expense is deductible, but the taxpayer is unable to substantiate it, the Court is permitted to make as close an approximation as it can, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  The estimate must have a reasonable evidentiary basis. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985).  However, section 274 supersedes the doctrine of Cohan v. Commissioner, supra, sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg.

46014 (Nov. 6, 1985), and requires strict substantiation of expenses for travel, meals and entertainment, and gifts, and with respect to any listed property as defined in section 280F(d)(4). Sec. 274(d). Listed property includes any passenger automobile or any other property used as a means of transportation, and computers. Sec. 280F(d)(4)(A)(i), (ii), (iv).

A taxpayer is required by section 274(d) to substantiate a claimed expense by adequate records or by sufficient evidence corroborating the taxpayer's own statement establishing the amount, time, place, and business purpose of the expense. Sec. 274(d). Even if such an expense would otherwise be deductible, the deduction may still be denied if there is insufficient substantiation to support it. Sec. 1.274-5T(a), Temporary Income Tax Regs., supra.

Respondent disallowed petitioner's car and truck expense deduction of $2,347. As stated above, section 274 requires strict substantiation for deductions claimed for transportation in a passenger car. At trial, petitioner testified that she used the actual mileage to calculate the car and truck expense. Petitioner's car was used to commute to and from petitioner's full-time job and for other personal uses. Petitioner offered automobile service documents to show the odometer readings for the beginning and end of tax year 1997 but failed to provide a mileage log noting how many miles she drove for her consulting

business.

The rule for substantiating car and truck expenses is clear. Petitioner is required to provide a mileage log or other corroboration sufficient to establish the amount, time, place, and business purpose of the expense.  At trial, petitioner failed to provide any corroborating evidence, besides her self-serving testimony.  The Court has discretion to disregard testimony which we find self-serving.  <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 212 (1992).  Accordingly, petitioner is not entitled to deduct a car and truck expense for the year in issue.

Petitioner claimed an advertising expense of $1,490.  At trial petitioner offered into evidence an invoice from Daily Journal Corporation, the local daily legal newspaper, showing $1,218.76 in advertising services rendered.  The advertisement placed generally stated "Learn Word Perfect".  We find that this invoice substantiates petitioner's advertising expense of $1,218.76, and, therefore, petitioner is entitled to deduct this amount.

Section 167(a) permits a depreciation deduction for the exhaustion and wear and tear of property used in a trade or business.  In calculating the depreciation deduction petitioner included:  Fax machine ($300), printer ($700), and computers ($2,500).

At trial petitioner offered into evidence a receipt from

Target showing a Sony CFD530 for $139.99.  Petitioner testified that the receipt represents the purchase of a Sony facsimile machine.  Petitioner also offered a receipt from Sonia Reyes, of the law firm Crosby, Heafey, Roach & May, in downtown Los Angeles, showing the purchase of a Hewlett Packard Laser Jet Series II laser printer for $750, and two receipts from Superbyte Inc., showing the purchase of two computers for $1,045 and $1,550, respectively.

We find that petitioner substantiated the purchase of the above items for the use in her consulting business.  Accordingly, petitioner is entitled to a depreciation deduction premised on cost bases of $139.99 for the fax machine, of $750 for the printer, and of $2,595 for the computers.  All items are 5-year property as defined under section 168(e)(3)(B) and are subject to the midquarter convention under section 168(d)(3)(A).

Petitioner failed to provide any evidence for the claimed repairs/maintenance deduction and other deduction.  Petitioner's Schedule C itemizes the other expenses of $4,000 to include bank charges of $600, educational seminars of $750, and telephone of $2,650.  However, petitioner is deemed to have conceded these items because she failed to offer any evidence to support these amounts.  Rules 142(a), 149; Pearson v. Commissioner, T.C. Memo. 2000-160.

The last issue for decision is whether petitioner is liable

for an accuracy-related penalty pursuant to section 6662(a) for the year in issue. Section 6662(a) imposes a penalty of 20 percent of the portion of the underpayment which is attributable to negligence or disregard of rules or regulations. Sec. 6662(b)(1). Negligence is the "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances.'" Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967), affg. in part and remanding in part on another issue 43 T.C. 168 (1964) and T.C. Memo. 1964-299). It includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly. Sec. 1.6662-3(b)(1), Income Tax Regs. The term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c). No penalty shall be imposed if it is shown that there was reasonable cause for the underpayment and the taxpayer acted in good faith with respect to the underpayment. Sec. 6664(c).

At trial, petitioner testified that her accountant prepared her 1997 return based on receipts and "all kinds of stuff" she brought to him. Although petitioner purportedly provided documentation to her accountant, it remains her responsibility to provide information necessary to accurately prepare her return and to review the return prior to filing. Moreover, her claim that she provided adequate documentation to her accountant is

suspect in view of her total concessions with regard to the disallowance of travel and meals and entertainment expenses of $2,620, other deductions of $4,000, and repair/maintenance deductions of $1,200.  We find that respondent has met his burden of production under section 7491(c) through petitioner's above concessions, along with evidence in the record indicating that petitioner lacked proper record keeping for the accurate preparation of her 1997 return.  <u>Higbee v. Commissioner</u>, 116 T.C. 438, 449 (2001).  Accordingly, petitioner is liable for the negligence penalty under section 6662(a)(1).

We have considered all arguments by the parties, and, to the extent not discussed above, conclude that they are irrelevant or without merit.

<u>Decision will be entered</u>

<u>under Rule 155</u>.